D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA*
*Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
EVARISTO PARABAL and GERARDO
GARCIA, on behalf of themselves and others
similarly situated,

               Plaintiffs,

    v.

333 HUDSON CORP., and OK RYON (a/k/a
ALEX) KIM

               Defendants.
--------------------------------------------------------x

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE
23 CLASS ACTION

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      All Defendants are hereinafter collectively referred to as "Defendants."

4.      Defendant 333 Hudson Corp. is a New York corporation that owns and operates the Hudson Food Court located at 333 Hudson St. in Manhattan.

5.      Upon information and belief, Defendant Ok Ryon ("Alex") Kim is the President of 333 Hudson Corp.

6.      Defendant Kim was in charge of all aspects of Plaintiff's employment.  He hired them, set their rates of pay, and set their schedules.

7.      333 Hudson Corp. has annual gross sales in excess of $500,000.

8.      Plaintiff Evaristo Parabal was employed by Defendants as a delivery person for Hudson Food Court from March 2021 until November 2021.

9.      Plaintiff Gerardo Garcia was employed by Defendants as a delivery person for Hudson Food Court from March 2021 until August 2021.

10.      All Plaintiffs are hereinafter collectively referred to as "Plaintiffs."

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.      Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all delivery employees employed by Defendants at Hudson Food Court on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff Lopez and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them the legally required minimum and overtime wage for all hours worked.  The claims of Plaintiff Lopez stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.     The First and Second Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     Plaintiffs bring the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all delivery employees employed by Defendants at Hudson Food Court on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiffs, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

16.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than forty (40) members of the Class.

17.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime and spread of hours compensation, and illegally retaining tips.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

21.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

        a)     Whether Defendants employed Plaintiffs and the Class members within the meaning of New York law.

        b)     At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

        c)     Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

        d)     Whether Defendants properly compensated Plaintiffs and Class members for overtime.

        e)     Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

        g)     Whether Defendants paid Plaintiffs and the Class members New York's "spread of hours" premium when their workdays exceeded 10 hours.

        h)     Whether Defendants provided Plaintiffs and Class members with the proper notices.

## FACTS

22.     Plaintiffs' Consent to Sue forms are attached as Exhibit A.

23.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

24.     Defendants knew that the nonpayment of minimum wage, nonpayment of overtime, and illegal deductions from the compensation of Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class would economically injure them and violated federal and state laws.

25.     Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class often worked in excess of forty hours per workweek.

26.     For example, Plaintiff Parabal's regular weekly schedule, which he in fact worked, was 5:00 p.m. to 2:00 a.m. Sunday through Wednesday, 5:00 p.m. to 4:00 a.m. on Thursday, and 5:00 p.m. to 5:00 a.m. on Friday and Saturday.

27.     Plaintiff Garcia's regular weekly schedule, which he in fact worked, was 10:30 a.m. to 2:00 a.m. on Sunday, Tuesday, Friday, and Saturday; 10:30 a.m. to 5:00 p.m. on Monday and Wednesday, and 10:30 a.m. to 3:00 a.m. and Thursday.

28.     Defendants paid Plaintiffs $7.50 per delivery stop.  On some occasions, this resulted in total weekly compensation that was less than the New York minimum wage multiplied by the hours actually worked by Plaintiffs.   For example, in some weeks, Plaintiff Garcia's total pay was under $900, far less than $15 per hour.

29.     Defendants did not pay Plaintiffs any overtime premium for time that exceeded 40 hours in a workweek.  Instead, Defendants merely paid Plaintiffs their $7.50 per delivery stop rate.

30.     Defendants did not pay Plaintiffs New York's "spread of hours" premium for shifts that spanned more than 10 hours in a workday.

31.     Defendants did not give Plaintiffs wage statements with each pay period that included Plaintiffs' hours worked, rates of pay, or other information required under N.Y. Lab. L. § 195(3).   Instead, Defendants paid Plaintiffs on personal checks with no data other than their gross pay.

32.     Defendants did not give Plaintiffs a wage notice at the time of hired, as required under N.Y. Lab. L. § 195(1).

33.     Defendants retained all tips paid by customers to Plaintiffs on the app through which customers paid for their deliveries.

34.     Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

## FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

35.     Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

36.     Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

37.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members that appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

38.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

39.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
Brought by Plaintiff on Behalf of Themselves and the Class)**

40.     Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

41.     Defendants knowingly paid Plaintiffs and the Class less than the New York minimum wage.

42.     Defendants did not pay Plaintiffs and the Class the New York minimum wage for all hours worked.

43.     Defendants' failure to pay Plaintiffs and the Class the New York minimum wage was willful.

44.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF
**(New York Overtime Violations,
N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4
Brought by Plaintiff on Behalf of Themselves and the Class)**

45.     Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

46.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

47.     Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

48.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**(New York Spread of Hours Violations,**
**N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6**
**Brought by Plaintiff on Behalf of Themselves and the Class)**

49.     Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

50.     Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours.

51.     Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(New York Notice Requirements,**
**N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Themselves and the Class)**

52.     Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

53.     Defendants did not provide Plaintiffs and the members of the Class with the wage notices and wage statements required by N.Y. Lab. Law § 195.

54.      As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

<u>SIXTH CLAIM FOR RELIEF</u>
**(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

55.     Plaintiffs on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

56.     Defendants willfully retained portions of Plaintiffs' and Class Members' tips.

57.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state

claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C.     Designation of this action as a class action pursuant to F.R.C.P. 23.

D.     Designation of Plaintiffs as Representatives of the Class.

E.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.     Penalties available under applicable laws;

G.     Costs of action incurred herein, including expert fees;

H.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.     Pre-judgment and post-judgment interest, as provided by law; and

J.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York          Respectfully submitted,
        December 8, 2021
                                    JOSEPH & KIRSCHENBAUM LLP


                                    By: */s/ D. Maimon Kirschenbaum*
                                        D. Maimon Kirschenbaum
                                        Josef Nussbaum
                                        32 Broadway, Suite 601
                                        New York, NY 10004
                                        Tel: (212) 688-5640
                                        Fax: (212) 981-9587

                                    *Attorneys for Named Plaintiffs, proposed*
                                    *FLSA Collective Plaintiffs, and proposed*
                                    *Class*