

# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

February 7, 2022

Diana Y. Seo, Esq.
Tel: (718) 500-3340
Tel: (718) 500-3341 (Direct Line)
Email: diana@seolawgroup.com

**VIA ECF**
Hon. Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: **Parabal, et al. v. 333 Hudson Corp., et al.**
      Case No. 1:21-cv-10575

Dear Judge Failla:

  This office represents Defendants in the above referenced matter. I write pursuant to Your Honor's Individual Rules to request a pre-motion conference to obtain leave to move to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 12(b)(1). As set forth below, Plaintiffs' claims are facially defective on numerous grounds, warranting a full briefing on the motion to dismiss, and dismissal of all claims.

  **I. Plaintiffs' Complaint is Legally Deficient and Shall be Dismissed Pursuant to Rule 12(b)(6).**

  Plaintiffs failed to make sufficient factual pleading that FLSA is applicable to Defendants. FLSA mandates a minimum wage for employees, 29 U.S.C. § 206(a) (2012), and requires that covered employees receive overtime pay when they work more than forty hours per week, Id. § 207. FLSA is applicable when either **an employer enterprise is covered** or an **individual employee is covered**. Aquino v. El Gran Valle II Corp., No. 17-cv-2465 (KBF), 2017 U.S. Dist. LEXIS 186405, at *5 (S.D.N.Y. Nov. 9, 2017).

  **A. Defendants Are not Enterprise under the Definition of FLSA**

 29 U.S.C. 203 (s)(1)(A)(i) and (ii) provides that:

(i) "Enterprise engaged in commerce or in the production of goods for commerce means an enterprise that has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

otherwise working on goods or materials that have been moved in or produced for commerce by any person; **and** [*emphasis added*] (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00.

Here, Plaintiffs failed to plead all of the elements as they failed to allege that Defendants handled products that were shipped through interstate commerce, nor did they allege that there is a sufficient nexus to interstate commerce to consider any of the Defendants as engaged in such commerce. As such, Plaintiffs failed make any factual allegation that FLSA is applicable under Enterprise coverage.

### B.   FLSA is Nonapplicable Because Plaintiffs Are Not Subject to Individual Coverage

Individual coverage under the FLSA applies to any individual employee" engaged in commerce or in the production of goods for commerce." 29 L'.S.C. §' 20c(r)(1); Kaur x'. Royal Arcadia Palace. Inc., 643 F. Supp. 2d 276. 292 (E.D.N.Y. 2007). Individual employees are engaged in commerce "when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including, information and intelligence)" between states. 29 C.F.R. § 779.103. "The dispositive test for FLSA [individual] coverage asks whether a plaintiff was an employee in the channels of interstate commerce, as distinguished from one who merely affected that commerce."' Xelo v. Mavros, No. 03-CV-3665 (NG) (MDG). 2005 WL 23S5724. at *4 (E.D.N.Y. Sept. 28. 2005) (quoting McLeod v. Threlkeld, 319 U.S. 491, 494 (1943)). For example, "handlers of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not." McLeod, 319 U.S. at 494. Here, as alleged, Plaintiffs worked as a delivery person at a local food court located in Manhattan at 333 Hudson St. in Manhattan ECF Dkt. No. 4 ¶ 4.

In Plaintiffs' complaint, there is no allegation as to whether Plaintiffs ever handed goods and/or performed delivery between different state(s). In any event, as stated above, Plaintiffs alleged all of the coverage e under the FLSA in their Complaint.

### II. Assume The Court Grants Defendants' Motion to Dismiss, This Court Should Have No Subject Matter Jurisdiction Over Plaintiffs' NYLL Claims.

The Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims because parties are at the very early stage of litigation. District courts "may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the claim raises a novel or complex issue of State law [or] . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon U. v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

Here, should the Court dismiss Plaintiffs' FLSA claims at this early stage, the Court should further decline to exercise supplemental jurisdiction over Plaintiffs' NYLL claims.

Defendants' counsel reached out to Plaintiffs' counsel via telephone and email to inquire whether the counsel's willingness to consent to file the motion. However, Defendants' counsel has not received counsel's response and submits this letter in leu of filing an answer which is due today.

We thank the Court for its time and attention to this matter.

                                                      Respectfully Submitted,

                                                      Seo Law Group, PLLC
                                                      By:__/s/ *Diana Seo*_____
                                                      Diana Y. Seo, Esq.
                                                      *Attorneys for Defendants*

cc: All counsel of record (via ECF)