## JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-688-2548 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

maimon@jk-llp.com
(917) 842-3180

March 24, 2022

**VIA ECF**

Hon. Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



Re:   *Parabal et al v. 333 Hudson Corp.,* No. 21-cv-10575

Dear Judge Failla:

      Plaintiff Evaristo Parabal submits this letter to respectfully request that the Court (1) approve the Parties' Settlement Agreement in this case because the settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim is fair and reasonable, (2) so order the Parties' Stipulation of Dismissal of all of Parabal's claims with prejudice, and (3) approve Plaintiff Garcia's Notice of Dismissal of all claims **without prejudice**.  The Parties' executed settlement agreement is submitted herewith as Exhibit A, and the executed stipulation of dismissal is attached as Exhibit 1 to the settlement agreement.  *See generally Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

      Plaintiff Parabal ("Plaintiff") was employed by Defendants as a delivery person for 333 Hudson Corp. from March 2021 to November 2021, with a three-month break during that period. The gravamen of his complaint is that (1) Defendants paid Plaintiff $7.50 per delivery stop, which resulted in him being paid less than the minimum and overtime wages required by the FLSA and New York Labor Law ("NYLL"); (2) Defendants failed to provide Plaintiff with the appropriate wage notices or paystubs required under the New York Wage Theft Prevention Act ("WTPA"), *see* N.Y. Lab. Law §§ 195(1), (3); (3) Defendants did not pay Plaintiff New York's "spread of hours" premium for shifts that he worked that were longer than ten (10) hours, *see* 12 NYCRR § 146-1.6; and (4) Defendants retained Plaintiff's tips in violation of NYLL § 196-d.

Plaintiff filed his Complaint on December 10, 2022 together with a coworker, Gerardo Garcia.  On March 3, 2022, the undersigned filed on behalf of Plaintiff Garcia a Notice of Dismissal Without Prejudice.  On March 3, 2022, Your Honor Ordered us to, by March 24, 2022, "file a letter stating whether the parties have settled Plaintiffs' claims, *viz.*, whether Plaintiffs or their counsel received any consideration for dismissing this action."  In response, the undersigned states that neither Mr. Garcia nor Counsel received any consideration from Defendants for dismissing Mr. Garcia's claims.

As to Plaintiff Parabal's claims: On March 2, 2022, Plaintiff Parabal and Defendants attended mediation with a Court-appointed mediator.   In advance of the mediation, Defendants produced records, which together with Plaintiff's stated version of the events, enables counsel to determine Plaintiff's "best case scenario" damages.  Plaintiff's counsel produced this data—attached hereto as Exhibit B—to Defendants' counsel in advance of mediation.  The data, which is mostly self-explanatory, indicates that Plaintiff is owed $13,145.80 in hard damages plus the possibility of recovering an additional $23,145.80 in penalties.

At the mediation, the Parties agreed to resolve Plaintiff Parabal's claims for $20,000.  This took into account that: (1) Defendants strenuously disputed the amount of time Plaintiff Parabal claimed he worked per week, (2) Defendants produced information suggesting that they may be "judgment-proof," and (3) the Settlement provided for a quick receipt of a significant portion of Plaintiff's "best-case scenario" damages and more than his purely compensatory damages without the inherent risk and time of litigation.  *See*, generally, *Mobley v Five Gems Mgt. Corp.,* 17-Civ.-9448, 2018 U.S. Dist. LEXIS 59104s at *4 (S.D.N.Y. April 6, 2018) (Failla, J.) (listing similar considerations).

The attached Settlement Agreement is fair and reasonable and does not contain an overbroad release (Paragraph 6(a) releases wage and hour claims only) or confidentiality requirements, and the non-disparagement provisions (Paragraph 6(b)) provide a carve-out for facts relating to FLSA claims.  *See*, *e.g.*, *Mobley*, 2018 U.S. Dist. LEXIS 59104, at *4 (discussing that releases must be limited to wage and hour claims); *Galindo v. E. County Louth Inc.*, No. 16 Civ. 9149, 2017 U.S. Dist. LEXIS 186187 (S.D.N.Y. Nov. 9, 2017) (Failla, J.) (non-disparagement provision must include carve-out for FLSA claims).

Plaintiff's attorneys' fees are also not excessive.  Plaintiff's fees/costs under the agreement are $7,040.33.  $560.50 of this represents costs ($402 filing fee, $158.50 for service, which was attempted more than once).  $6,479.83 is one third of the remainder.  *See Mobley,* 2018 U.S. Dist, LEXIS 59104, at *8.  Plaintiff's counsel here seeks fees pursuant to the percentage-of-recovery method. In such instances, courts in this District typically approve a fee of one-third or less of the settlement amount.[1]

---

[1] Plaintiff Counsel's Lodestar Summary is as follows:

| **Attorney** | Rate | Hours | Total |
| --- | --- | --- | --- |
| Leah Seliger | $350 | 4.0 | $1400 |
| D. Maimon Kirschenbaum | $500 | 14.5 | $7,250 |
| | | Total: | $8,650 |

       For the foregoing reasons, the parties jointly request that the Court approve the Settlement Agreement, so order the Stipulation of Dismissal of Plaintiff Parabal's claims with prejudice and of Plaintiff Garcia's claims without prejudice, dismiss this action, and retain jurisdiction to enforce the terms of the settlement agreement. We thank the Court for its attention to this matter.

       Respectfully submitted,

       */s/ D. Maimon Kirschenbaum*
       D. Maimon Kirschenbaum

cc: All counsel (via ECF)

```
The Court has reviewed the settlement documents for fairness in accordance with the
FLSA and Second Circuit law, see, e.g., Cheeks v. Freeport Pancake House, 796 F. 3d
199 (2d Cir. 2015), and has concluded that the terms are fair and reasonable.  It
should be noted, however, that the Court is not in this endorsement opining
specifically on the reasonableness of the rates charged by the attorneys and
paralegals representing Plaintiff.

Accordingly, the settlement is approved, and the Clerk of Court is directed to
terminate all pending motions, adjourn all remaining dates, and close this case. The
Court will also so-order separately the stipulations of dismissal submitted by the
parties.

Dated:      March 25, 2022                      SO ORDERED.
            New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE